# No. 24-6086

# In The United States Court of Appeals for the Ninth Circuit

MIRNA MCAULIFFE; THOMAS MCAULIFFE, Individually and as Co-Personal Representatives of the Estate of Ryan McAuliffe, deceased,

*Plaintiffs-Appellants,*

v.

ROBINSON HELICOPTER COMPANY,

*Defendants-Appellee.*

On Appeal from the United States District Court
for the District of Hawaii
Case No. 1:21-cv-00193-HG-WRP
Hon. Helen W. Gillmor

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF TEXTRON INC. IN SUPPORT OF PETITION FOR REHEARING EN BANC BY APPELLEE ROBINSON HELICOPTER COMPANY, INC.**

Cailin M. Ringelman
Texas Bar No. 24060495
W. Andrew Boone
Texas Bar No. 24137937
CANTEY HANGER LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800
cringelman@canteyhanger.com
aboone@canteyhanger.com

*Counsel for Amicus Curiae*
Textron Inc.

1

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), Textron Inc. ("*Amicus*"), on behalf of Textron Aviation Inc. (manufacturer of Cessna and Beech Aircraft), Bell Textron Inc. and AVCO Corporation, Inc. (manufacturer of Lycoming Engines), moves for leave to file the accompanying *amicus curiae* brief in support of Appellee Robinson Helicopter Company, Inc. *Amicus* is the parent corporation of several manufacturers of general aviation aircraft, rotorcraft, vertical lift aircraft, and aircraft engines.

The issue before this Court is whether the replacement of an aircraft component, system, subassembly, or other part of the aircraft (each, an "aircraft part") which is identical to the aircraft part previously installed constitutes a modification under the General Aviation Revitalization Act of 1994 (Pub. L. No. 103-298, 108 Stat. 1552 (1994), codified at 49 U.S.C § 40101 note, section 2; herein, "GARA") such that the statute of repose restarts for a design-defect claim. (The legal issue before the Court does not have any impact on the availability of a manufacturing defect claim.) This is an important legal question, because an affirmative answer to that question would subject manufacturers to liability which Congress sought to remove when enacting GARA.

The *amicus* brief argues that a denial of rehearing en banc will cause an unintended consequence due to the conflict in precedent created by the panel's decision. In the underlying action, Appellants' experts opine that this accident was

caused by the design of the main rotor system, not because of any defect in the parts, which were installed within 18 years of the accident. 2-ER-117, ¶¶ 10 and 12. Without a change to the design of the part or the main rotor assembly, the part is not new to the design and does not replace any older version of a part, and thus, the statute of repose is not restarted. If the panel's opinion is strictly construed such that that regular part replacement, without a change to the *design* of the part, restarts the statute of repose as to claims related to the design of the entire system, it is in conflict with this Court's precedent in *Caldwell v. Enstrom Helicopter Corp.*, 230 F.3d 1155 (9th Cir. 2000). An en banc hearing is appropriate to resolve that conflict.

Appellee Robinson Helicopter Company, Inc. has consented to the filing of the accompanying brief. Appellants have not responded to *Amicus*'s inquiries and their position on this motion for leave to file is unknown but assumed to be opposed.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion for leave to file an *amicus curiae* brief in support of Appellee Robinson Helicopter Company, Inc.

DATE: May 15, 2026

Respectfully Submitted,

/s/ Cailin M. Ringelman
Cailin M Ringelman
Texas Bar No. 24060495
W. Andrew Boone
Texas Bar No. 24137937

3

CANTEY HANGER LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800
cringelman@canteyhanger.com
aboone@canteyhanger.com

*Counsel for* Amicus Curiae
*Textron Inc.*

4

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2026, I electronically filed the foregoing motion and accompanying brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Cailin M. Ringelman
Cailin M. Ringelman

**No. 24-6086**

# In The United States Court of Appeals for the Ninth Circuit

MIRNA MCAULIFFE; THOMAS MCAULIFFE, Individually and as Co-Personal Representatives of the Estate of Ryan McAuliffe, deceased,

*Plaintiffs-Appellants,*

v.

ROBINSON HELICOPTER COMPANY,

*Defendants-Appellee.*

On Appeal from the United States District Court
for the District of Hawaii
Case No. 1:21-cv-00193-HG-WRP
Hon. Helen W. Gillmor

**AMICUS CURIAE BRIEF OF TEXTRON INC. IN SUPPORT OF PETITION FOR REHEARING EN BANC BY APPELLEE ROBINSON HELICOPTER COMPANY, INC.**

Cailin M. Ringelman
Texas Bar No. 24060495
W. Andrew Boone
Texas Bar No. 24137937
CANTEY HANGER LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800
cringelman@canteyhanger.com
aboone@canteyhanger.com

*Counsel for* Amicus Curiae
*Textron Inc.*

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................ ii

TABLE OF AUTHORITIES................................................................................... iii

I.   INTERESTS OF *AMICUS CURIAE* ................................................................1

II.  SUMMARY OF THE ARGUMENT ...............................................................1

III.   ARGUMENT.................................................................................................4

  A.   Rehearing *en banc* should be granted to resolve an irreconcilable conflict and question of exceptional importance..................................................4

  B.   Interpretations of the rolling statute provision contrary to *Caldwell* and its progeny, nullify the intended effect of GARA. ....................................6

IV.  CONCLUSION .................................................................................................9

i

## CORPORATE DISCLOSURE STATEMENT

Textron Inc. is a publicly traded company.  No company or individual owns 10% or more of Textron Inc.  The manufacturers on whose behalf Textron Inc. files this amicus curiae brief are wholly owned subsidiaries of Textron Inc.  Bell Textron Inc. is a wholly owned subsidiary of Textron Inc.  Textron Aviation Inc. is a wholly owned subsidiary of Textron Inc.  Lycoming Engines is a division of AVCO Corporation.  AVCO Corporation is a wholly owned subsidiary of Textron Inc.

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Atonio v. Wards Cove Packing Co.*,
  810 F.2d 1477 (9th Cir. 1987) ................................................................ 4
*Blazevska v. Raytheon Aircraft Co.*,
  522 F.3d 948 (9th Cir. 2008) ................................................................. 2
*Caldwell v. Enstrom Helicopter Corp.*,
  230 F.3d 1155 (9th Cir. 2000) ...................................................... 3, 4, 5, 7
*Crouch v. Honeywell Int'l, Inc.*,
  720 F.3d 333 (6th Cir. 2013) ................................................................. 8
*Hart v. Massanari*,
  266 F.3d 1155 (9th Cir. 2001) ............................................................... 5
*Lyon v. Agusta*,
  252 F.3d 1078, (9th Cir. 2001) ...................................................... 5, 7, 8
*Robinson v. Hartzell Propeller, Inc.*,
  326 F. Supp. 2d 631 (E.D. Pa. 2004) .................................................... 8, 9

**Statutes**

49 U.S.C. § 40101 ................................................................................ *passim*
49 U.S.C. § 44725 .......................................................................................... 6
Pub. L. No. 103-298, 108 Stat. 1552 (1994) ....................................... *passim*

**Rules**

Fed. R. App. P. 40(b)(2)(A) ......................................................................... 4
Fed. R. App. P. 40(b)(2)(D) ......................................................................... 3

**Regulations**

14 C.F.R. § 43.10 ......................................................................................... 6

**Secondary Sources**

Victor E. Schwartz & Leah Lorber, *The General Aviation Revitalization Act: How Rational Civil Justice Reform Revitalized an Industry*, 67 SMU J. AIR L. & COM. 1271, 1275 (2002) ....................................................................................1

## I.  INTERESTS OF *AMICUS CURIAE*[1]

*Amicus curiae* Textron Inc. ("*Amicus*") files this brief on behalf of Textron Aviation Inc. (manufacturer of Cessna and Beech Aircraft), Bell Textron Inc., and AVCO Corporation (manufacturer of Lycoming Engines), all of which are manufacturers of general aviation aircraft, vertical lift aircraft, rotorcraft and aircraft engines.  As manufacturers of aircraft and aircraft parts that fall under purview of the General Aviation Revitalization Act of 1994 (hereinafter, "GARA"), Pub. L. No. 103-298, 108 Stat. 1552 (1994), codified at 49 U.S.C. § 40101 note, section 2, *Amicus* has a unique understanding of aircraft and aircraft part design.  Therefore, its knowledge will assist the Court in evaluating the application of GARA to the design issues in the underlying action.  The legal issue before the Court does not have any impact on the availability of a manufacturing defect claim.

## II.  SUMMARY OF THE ARGUMENT

To save the U.S. general aviation industry from collapse in the 1990s (due to the "long tail" of product liability claims associated with aircraft manufactured decades before an accident or incident), Congress enacted GARA, which provides an 18-year statute of repose.[2]  The protection Congress enacted is significant.  GARA

---

[1] No counsel for a party in this case authored this brief in whole or in part, and no such counsel or party made a monetary contribution intended to fund the preparation of this brief.  No person other than amicus curiae or its counsel made a monetary contribution to its preparation or submission.

[2] Victor E. Schwartz & Leah Lorber, *The General Aviation Revitalization Act: How Rational Civil Justice Reform Revitalized an Industry*, 67 SMU J. AIR L. & COM 1271, 1275 (2002).

1

creates "an explicit statutory right not to stand trial" on claims that fall within its provisions. *Blazevska v. Raytheon Aircraft Co.*, 522 F.3d 948, 951 (9th Cir. 2008).

And while this right is significant, GARA is not applicable in all aviation product liability actions. It is not a shield behind which manufacturers may hide in every case. For GARA to be applicable, the action must arise out of an accident involving a "general aviation aircraft" as the term is defined in the act. GARA, § 2(a) and (c). And the aircraft or part must be more than 18 years old. *Id.* at Sec. 3(3). Further, the statute of repose begins to run only when the aircraft is delivered to its first purchaser or lessee—not on the date of manufacture. *Id.* at Sec. 2(a)(1); Sec. 3(3).

Additionally, there are exceptions pursuant to which an otherwise qualified aircraft does not fall within the scope of GARA and its 18-year statute of repose. One of these exceptions is often referred to as the "rolling" statute of repose. GARA, § 2(a)(2). The rolling statute applies when the "new component, system, subassembly, or other part which replaced another . . . part originally in, or which was added to the aircraft," must be "alleged to have caused such death, injury or damage." *Id.* If all of those requirements are met, the applicable limitation period begins or restarts "on the date of completion of the replacement or addition." *Id.* In the underlying action, Appellants allege that the rolling statute of limitations is

2

triggered by the replacement of certain parts of the main rotor system of the aircraft in question.

The same rolling statute of limitations exception was raised by the Plaintiffs in *Caldwell v. Enstrom Helicopter Corp.*, 230 F.3d 1155 (9th Cir. 2000). In *Caldwell*, the Plaintiffs alleged that the helicopter's flight manual failed to contain a warning that the last two gallons of fuel were not usable, which resulted in the accident. *Caldwell*, 230 F.3d at 1156. This Court held that "[a] revision to the manual does not implicate GARA's rolling provision, however unless the revised part 'is alleged to have caused [the] death, injury or damage.'" *Id.* at 1158. "If, within the last 18 years, Defendant substantively revised, or deleted, the instructions in the flight manual that describe or warn about the fuel tanks, and if Plaintiffs allege that those revisions or deletions caused the deaths, injuries, and damage at issue, then Plaintiffs can state a claim." *Id.* If every *unrelated* revision to the flight manual or even just the provision of a new manual without any changes were enough to restart the running of the statute of repose, the printing or purchase of a "new" flight manual on a regular schedule would avoid the application of GARA to any claims related to the flight manual forever. That interpretation would frustrate the purpose and intent of GARA. For the rolling provision to apply, there must be more than the provision of an identical part or manual to restart the statute; there must be something new that was not included in the original design to restart the running of the statute of repose.

3

The panel's decision in this case conflicts with this Court's previous decisions on GARA, and specifically, this Court's decision in *Caldwell*. Because of this conflict, the court should grant the petition for rehearing en banc and reaffirm the precedent in *Caldwell* and its progeny.

### III. ARGUMENT

**A. Rehearing *en banc* should be granted to resolve an irreconcilable conflict and question of exceptional importance.**

Rehearing en *banc* is reserved for those unusual cases where rehearing is required "to secure or maintain uniformity of the court's decisions" or to resolve "a question of exceptional importance." *See* Fed. R. App. P. 40(b)(2)(A); *Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987) (en banc) ("the appropriate mechanism for resolving an irreconcilable conflict is an en banc decision").

This is such a case. Rehearing en banc is necessary to secure and maintain uniformity of the Court's decisions regarding the applicability of the rolling statute of repose in GARA. *Id*. The majority's opinion—that the replacement of an *identical* aircraft part or component restarts the GARA 18-year statute of repose—is in conflict with this Court's longstanding precedent in *Caldwell*, on which manufacturers have, until now, placed their reliance. As a result, a conflict is created in an area of settled law that requires predictability.

4

Second, the question presented in this case is one of exceptional importance. Fed. R. App. P. 40(b)(2)(D). As this Court has recognized, rehearing en banc is appropriate where a decision has broad legal or practical consequences beyond the parties to the suit at bar. *See Hart v. Massanari*, 266 F.3d 1155, 1172, n.29 (9th Cir. 2001) ("transcendent public significance" a factor in granting en banc procedures). This case is exceptionally important to the general aviation industry because it offers a modified interpretation of what constitutes a "new" part under GARA § 2(a)(2)— and creates liability for manufacturers (i.e., liability for designs well beyond 18 years) against Congress's intent in GARA.

This Court has long recognized the exceptional importance of GARA and the rolling statute provision on the general aviation industry. In *Lyon v. Agusta*, 252 F.3d 1078, (9th Cir. 2001), *cert. denied*, 534 U.S. 1079 (2001), which analyzed *Caldwell*, this Court recognized that "[i]t is apparent that Congress was deeply concerned about the enormous product liability costs that our tort system had imposed upon manufacturers of general aviation aircraft." *Lyon*, 252 F.3d at 1084 (citing Congressional material). "Congress decided that the economic health of the general aviation aircraft manufacturing industry depended on lifting the requirement that manufacturers abide the possibility of litigation for the indefinite future when they sell an airplane." *Id.* at 1089. Accordingly, Congress enacted GARA's statute of repose. *Id.*

5

A difference in competing interpretations of § 2(a)(2) carries consequences well beyond these parties and presents a question of exceptional importance that requires an en banc rehearing.

**B. Interpretations of the rolling statute provision contrary to *Caldwell* and its progeny, nullify the intended effect of GARA.**

The plain language of the rolling provision in Section 2(a)(2) presumes either an alteration to (1) the original aircraft or (2) an addition to the aircraft. Section 2(a)(2) covers "any new component, system, subassembly or other part which *replaced* another component, system, subassembly, or other part ***originally in, or which was added to***, the aircraft, and which is alleged to have caused such death, injury, or damage." *Id.* at § 2(a)(2) (emphasis added). Any reading of the rolling provision that allows for a total reset of the 18-year provision triggered by nothing more than the replacement of a part—without any alteration or addition to the design—provides the general aviation industry with no protection from long-tail liability claims under GARA.

This is in part because federal law requires owners, operators, and maintainers to replace certain life-limited parts under certain conditions. *See* 49 U.S.C. § 44725; 14 C.F.R. § 43.10 (referring to life-limited parts). In some cases, those life-limited parts have "mandatory replacement limits" shorter than GARA's 18-year repose period. Under the majority's ruling, those life-limited parts could never enjoy GARA's repose, particularly with regard to design-defect claims which allege that

6

the original part design, for which no alterations or additions have been made, is the defect.

The law of this Circuit since *Caldwell* has been that the rolling provision in GARA only restarts with an alteration, deletion, or addition. Specifically, the law is that section 2(a)(2) restarts the repose period only where the replacement part has been substantively altered from the part it replaced either through a design change or manufacturing defect, and the alteration is alleged to have caused the harm. *Caldwell*, 230 F.3d at 1158. The majority should have applied the standard set out in *Caldwell*, which reflects both the explicit text of the statute and the consequences and protections Congress intended in enacting GARA.

If GARA's § 2(a)(2)—and *Caldwell*—are interpreted as the panel majority suggests, then as a function of law, each time an aircraft owner, operator, or maintenance professional replaces an *identical* part on an aircraft, a continuing duty theory of liability is effectively imposed on the manufacturer for the parts' *original design*—even though that design performed safely without issue for more than 18 years and in accordance with its type certificate or supplemental type certificate.[3]

In *Lyon*, the plaintiffs alleged that the manufacturer failed to issue warnings of an alleged problem with the aircraft which they argued was tantamount to

---

[3] *Amicus* does not dispute that a manufacturing (as opposed to design) defect in a replacement part would restart the rolling statute of repose with the replacement part's installation.

replacement of a component part restarting the 18-year statute of repose. 252 F.3d at 1088. This Court disagreed. This Court held that "were that so, GARA would have little value to manufacturers because the plaintiff could always argue that an 18-year period commenced if the manufacturer did nothing at all, while simultaneously arguing that if the manufacturer did do something that, too, would start a new 18-year period running." *Lyon*, 252 F.3d at 1088.

As Judge Friedland's dissent correctly points out, this Court "interpreted Section 2(a)(2) of GARA to necessitate more than a mere replacement part—it requires (1) a material change in the part, whether through a design change or a manufacturing problem, and (2) that the change be the cause of the accident." *McAuliffe v. Robinson Helicopter Company*, Slip op. at 19–20 (Friedland, J., dissenting).

This interpretation is consistent with the holding in *Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333 (6th Cir. 2013). In *Crouch*, the court found that "Section 2(a)(2) cannot be reasonably construed as meaning that the 18-year period of repose for the entire [GARA-protected part] is reset every time a single sub-part is replaced." *Id.* at 343; *see also Robinson v. Hartzell Propeller, Inc.*, 326 F. Supp. 2d 631, 663 (E.D. Pa. 2004) ("if every time a critical component was overhauled, or even replaced, the statute of repose began anew thus permitting an individual to sue for a design flaw,

8

then the manufacturer of the aircraft would never be afforded the protection of the statute of repose.").

## IV.    CONCLUSION

The panel majority's opinion is contrary to Circuit precedent and the clearly recognized congressional intent of GARA, which creates an issue of exceptional importance.  Therefore, the Petition for Rehearing en banc by Appellee Robinson Helicopter Company, Inc. should be granted.


DATED: May 15, 2026

Respectfully submitted,

/s/ Cailin M. Ringelman
Cailin M. Ringelman
Texas Bar No. 24060495
W. Andrew Boone
Texas Bar No. 24137937
CANTEY HANGER LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800
cringelman@canteyhanger.com
aboone@canteyhanger.com

*Counsel for* Amicus Curiae
*Textron Inc.*

9

**Form 8. Certificate of Compliance for Briefs**

**9th Cir. Case Number(s)** No. 24-6086

I am the attorney or self-represented party.

**This brief contains 2,028 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[X] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/Cailin Ringelman      **Date** May 15, 2026